IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOSE M. BEJAR,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DEPARTMENT OF VETERANS AFFAIRS,**<br><br>**Defendant.** | Case No. 15-2601 |

## MEMORANDUM & ORDER

Plaintiff Jose M. Bejar, represented by counsel, brings this action against defendant Department of Veterans Affairs, alleging wrongful termination based on racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq. Before the court is defendant's motion for summary judgment (Doc. 26). For the reasons set out below, defendant's motion for summary judgment is granted.

**I.     Factual Background**

In the final pretrial order, plaintiff alleges that because he is Hispanic, defendant's employees "framed him to be falsely convicted of felony sexual battery as a pretext for suspension and termination of his employment." (Doc. 25 at 7.) The following facts were either stipulated in the final pretrial order or were uncontested in the parties' summary judgment briefing.

Plaintiff was born in Ecuador and identifies himself as Hispanic. Before his employment was terminated, plaintiff was a staff neurologist at the Veteran's Administration hospital in Topeka, Kansas. In this position, plaintiff's duties included the care, diagnosis and treatment of male and female patients. When male doctors at the hospital treat female patients, a female nurse is available, upon request, to be present during the medical exam.

On September 30, 2011, a female patient accused plaintiff of touching her in a sexually offensive manner. On October 1, 2011, defendant placed plaintiff on Authorized Absence, a form of paid leave. The Topeka Police Department investigated the accusations made by plaintiff's patient and on May 24, 2012, the State of Kansas charged plaintiff with twenty counts of aggravated sexual battery and sexual battery involving five different female patients. On May 29, 2012, defendant notified plaintiff that his privileges were suspended because of concerns that his clinical practice "potentially constitute[d] an imminent threat to patient welfare". (Doc 27-19 at 2.) On June 1, 2012, defendant suspended plaintiff without pay until the criminal proceedings were completed.

On March 4, 2013, plaintiff pled *nolo contendere* to and was convicted of one charge of aggravated sexual battery and one count of sexual battery. These convictions require plaintiff to register as a sex offender. On May 10, 2013, defendant sent plaintiff a written proposal to terminate his employment because of the felony convictions for sexual assault and battery. On May 20, 2013, plaintiff surrendered his license to practice medicine. Veteran's Administration regulations require that its doctors be licensed. On May 21, 2013, defendant rescinded its proposal to terminate plaintiff's employment because of his convictions and replaced it with a proposal to terminate his employment because he was no longer licensed to practice. On May 21, 2013, plaintiff's employment was effectively terminated because he was not licensed.

**II.     Legal Standard**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The party moving for summary judgment has the burden to show "the lack of a genuine issue of material fact." *Ascend Media Prof'l Servs., LLC v. Eaton Hall Corp.*, 531 F. Supp. 2d 1288, 1295 (D. Kan. 2008) (citing *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986))). Once the moving party meets this initial burden, the burden then shifts to the nonmovant to "set forth specific facts showing that there is a genuine issue for trial." *Id.* (citing *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986))). The nonmovant may not rest on his pleadings or "rely on ignorance of the facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 259 (1986)); *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988). Instead, the nonmovant is required to set forth specific facts, by referencing affidavits, deposition transcripts, or exhibits, from which a rational trier of fact could find for him. *Ascend Media*, 531 F. Supp. 2d at 1295 (citing *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000)).

**III.    Discussion**

Title VII establishes that it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a)(1). When a plaintiff provides no direct evidence of discrimination, he or she must establish a prima facie case of race discrimination under the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the framework, the plaintiff has the initial burden to show that: "(1) he belongs to a protected class; (2) he suffered an adverse employment action; and (3) the adverse action occurred under circumstances giving rise to an inference of discrimination." *Luster v. Vilsack*, 667 F.3d 1089, 1095 (10th Cir. 2011).

If the plaintiff meets this initial burden, the employer must provide a "legitimate, nondiscriminatory reason for the adverse employment action." *Id.* at 1092. If this burden is met, plaintiff must show that the employer's proffered reasons for the adverse employment action are pretextual. *Id.* If a party fails to meet their burden at any stage of the *McDonnell Douglas* framework, judgment should be entered as a matter of law against that party. *Monroe v. City of Lawrence, Kan.*, 124 F. Supp. 3d 1097, 1111 (D. Kan. 2015). The case only withstands summary judgment and proceeds to trial if both parties meet their burdens. *Id.* (citing *Kendrick v. Pensek Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000)).

The parties agree that plaintiff's allegations that he is Hispanic and was born in Ecuador satisfy the first element of a prima facie case for race discrimination. (Doc. 27 at 11.) They also agree that plaintiff's employment with defendant was terminated and that this constitutes an "adverse employment action." But defendant argues that plaintiff failed to meet the third element—that the circumstances surrounding the termination of plaintiff's employment give rise to an inference of discrimination.

Plaintiff's burden to establish a prima facie case is "not onerous but it is also not empty or perfunctory." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323–24 (10th Cir. 1997). Plaintiff provided no evidence to support his claim that the circumstances surrounding the termination of his employment give rise to an inference of discrimination. In the two-paragraph, half-page discussion section of plaintiff's response, he claims only that "[i]f Plaintiff's assertions that the VA failed to provide a female nurse in the exam room are true, then there is an inference of discrimination, and a *prima facie* case is established." (Doc. 32 at 7–8.) Plaintiff does not develop this argument. As explained above, plaintiff may not rest on the pleadings to survive summary judgment. He cites to no evidence, no deposition transcript, no exhibit, and no affidavit in support of his single argument. Even if he had

provided evidence that defendant failed to provide nurses in the exam room, he does not argue that defendant's failure to do so was based on plaintiff's race.  Plaintiff fails to establish a prima facie case of employment discrimination.

Even if plaintiff had established a prima facie case, he does not address pretext in his response brief.  Plaintiff concedes that defendant "putatively assert[s] a legitimate nondiscriminatory justification" for terminating his employment.  (Doc. 32 at 7.)  To establish that defendant's stated reasons are pretextual, he needed to show that defendant's explanation of the facts is "unworthy of belief by a rational factfinder because of incoherence, weaknesses, inconsistencies, or contradictions." *Townsend-Johnson v. Rio Rancho Pub. Schs.*, 307 F. App'x 542, 543 (10th Cir. 2014).  Plaintiffs usually show that a defendant's stated reasons are pretextual "in one of three ways: (1) with evidence that the defendant's stated reason for the adverse employment action was false . . . (2) with evidence that the defendant acted contrary to a written company policy prescribing the action to be taken by the defendant under the circumstances . . . or (3) with evidence that the defendant acted contrary to an unwritten policy or contrary to company practice when making the adverse employment decision affecting the plaintiff."  *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000).

As mentioned above, plaintiff does not address pretext.   He cites to no affidavits, depositions, or exhibits.  The essence of plaintiff's argument seems to be that he believes he has asserted a prima facie case for race discrimination and that it would therefore be inappropriate for the court to decide this case at the summary judgment stage.  (Doc. 32 at 8.)   The court disagrees.  If, as plaintiff seems to concede, defendant's reasons for terminating plaintiff's employment appear to have a legitimate non-discriminatory purpose, the burden shifts back to him, to show that they are pretextual.  Although plaintiff generally references "Plaintiff's statements under oath," he does not cite to any deposition

testimony.  (*Id.*)  He does not suggest that defendant's reasons are incoherent and he does not point to any weakness, inconsistency or contradiction in defendant's explanation.

Plaintiff has provided no evidence challenging defendant's reasons for terminating plaintiff's employment for a potential jury to consider.  The facts as they appeared to defendant were that plaintiff's patients made allegations of sexual assault, so they put him on paid leave.  (Doc. 27 at 13.)  Then, plaintiff was "charged with twenty counts of sexual assault involving five of his female patients" so he was suspended.  (*Id.*)  Plaintiff's employment was terminated only after "he was convicted of sexual assault and battery and he was required to forfeit his license to practice medicine."  *Id.*  Defendant's termination of plaintiff's employment complied with the Veteran's Administration's regulations requiring physicians to be licensed.

The plaintiff does not present any evidence suggesting that defendant or its employees set plaintiff up to be criminally prosecuted and convicted so that he would lose his license to practice medicine and could then be terminated.  The parties' statements of uncontroverted fact state that plaintiff could have requested that a female nurse be present when female patients were being treated and otherwise corroborate defendant's view of the situation.  Plaintiff failed to establish a prima facie case for race discrimination and failed to address whether defendant's actions were a pretext for discrimination.  Therefore, evidence produced shows as a matter of law that defendant did not terminate plaintiff's employment due to his race.  Rather, the evidence presented shows that defendant fired plaintiff because he was no longer licensed to practice medicine. Accordingly, defendant's motion for summary judgment is granted.

**IT IS THEREFORE ORDERED** that defendant Department of Veterans Affairs Motion for Summary Judgment (Doc. 26) is granted.  This case is closed.

Dated this 17th day of May, 2016, at Kansas City, Kansas.

                s/ Carlos Murguia
                **CARLOS MURGUIA**
                **United States District Judge**